IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

IVICA (JOHN) BOGDAN          )
                             )
     Plaintiff,              )
                             )
     v.                      )     1:05CV00568
                             )
HOUSING AUTHORITY OF THE CITY)
OF WINSTON-SALEM, SILAS DERVIN,)
MELANIE WILLIAMS, UNKNOWN    )
NAMED EMPLOYEES OF HOUSING   )
AUTHORITY OF THE CITY OF     )
WINSTON-SALEM,               )
                             )
     Defendants.             )

MEMORANDUM OPINION and ORDER

OSTEEN, District Judge

Plaintiff Ivica (John) Bogdan ("Plaintiff") filed this action against Housing Authority of the City of Winston-Salem, Silas Dervin, and Melanie Williams ("Defendants") under various federal and state causes of action. Plaintiff also asserts his claims against unknown named employees of the Housing Authority of the City of Winston-Salem. The matters pending before this court are Plaintiff's motion to amend his complaint and Defendants' motion to dismiss the complaint.[1] For the reasons stated below, the court will grant Plaintiff's motion and will deny Defendants' motion as moot.

I.   **PLAINTIFF'S MOTION FOR LEAVE TO AMEND HIS COMPLAINT**

---

[1] Defendants have answered Plaintiff's complaint in addition to filing a motion to dismiss.

The court will grant Plaintiff's motion. Under Federal Rule of Civil Procedure 15(a), if a pleading triggers the adversary's right to file a responsive document, then "a party may amend th[at] . . . pleading only by leave of court or by written consent of the adverse party" when the opposing party has already filed the responsive document. Defendants have filed an answer to Plaintiff's complaint; thus, Plaintiff must seek this court's permission to amend his complaint or secure Defendants' written consent.

Granting leave to amend is a matter within the court's discretion. <u>Foman v. Davis</u>, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962). A court should freely give leave unless facts show "undue delay, bad faith or dilatory motive . . ., repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." <u>Id.</u>, 83 S. Ct. at 230.

In Plaintiff's motion, he states that "th[e] amendment would not prejudice . . . Defendants; . . . Plaintiff is not acting in bad faith; and the amendment would not be futile." (Pl.'s Mot. Leave Amend His Compl. at 1.) Defendants' only response to Plaintiff's motion is that they "do not consent to Plaintiff's [m]otion." (Defs.' Resp. Pl.'s Mot. Amend at 1.) Defendants do not otherwise argue against the amendment, and the court sees no reason to disallow, under the "freely given" standard, Plaintiff's amendment at this early stage in the litigation.

2

Thus, the court will grant Plaintiff's motion.  In the interest
of efficiency, the court will allow Plaintiff ten days from the
filing of this opinion in which to file his amendment.

**II. DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendants' motion to dismiss is moot.  Through Plaintiff's
amendment, the amended complaint will now state Plaintiff's
claims.  Since the first complaint is no longer in effect,
Defendants' motion to dismiss seeks dismissal on a superceded
complaint, and the court must regard the motion as moot.  See
Pure Country, Inc. v. Sigma Chi Fraternity, 312 F.3d 952, 956
(8th Cir. 2002) (holding that the court should rule on a motion
for leave to amend a complaint before deciding a motion to
dismiss that same complaint because allowing leave to amend
renders the motion to dismiss moot); Standard Chlorine of Del.,
Inc. v. Sinibaldi, 821 F. Supp. 232, 239-40 (D. Del. 1992)
(holding that an amended complaint renders a motion to dismiss
the original complaint moot).  The parties may renew the motion
consistent with the civil procedure rules once Plaintiff files
his amended complaint.

**III. CONCLUSION**

For the reasons stated above,

IT IS ORDERED that Plaintiff Ivica (John) Bogdan's Motion
for Leave to Amend His Complaint [7] is granted.  IT IS FURTHER
ORDERED that the joint motion to dismiss of Defendants Housing
Authority of the City of Winston-Salem, Silas Dervin, and Melanie
Williams [6] is denied as moot.  Plaintiff shall have ten days

3

from the entry of this order in which to electronically file his amended complaint, and that filing shall trigger the applicable time limits for filing a motion to dismiss, if Defendants choose to file such a motion.

This the 28th day of February 2006.

_____
United States District Judge

4